# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        C.A. NO.

                                        25-2358

TERRY LUCASH,              )
                           )
           Plaintiff,      )
                           )
                           )
v.                         )
                           )            9/26/2025
                           )
APPLE INC.                 )
                           )
           Defendant.      )
                           )

RECEIVED

## PLAINTIFF TERRY LUCASH'S COMPLAINT AND JURY DEMAND

1. The plaintiff, Terry Lucash, is an individual residing at 36 Ridgewood Circle, Lawrence, Essex County, Massachusetts.

2. The defendant, Apple, Inc. is a foreign corporate entity having a principal place of business at one Apple Park Way, Cupertino, California.

3. The defendant, Apple Inc. operates numerous retail stores and sells its products within the Commonwealth of Massachusetts. Upon information and belief, at all material times, Apple Inc. was conducting business within the Commonwealth of Massachusetts.

4. The Apple Watch is a product marketed, manufactured and/or sold by defendant Apple, Inc.

5. Before October 12, 2022, the plaintiff purchased a series 7, model A2475 Apple Watch.

6. On October 12, 2022, the plaintiff, while wearing her Apple Watch, fell down her basement stairs, suffered a brain bleed and remained on the ground for 13 hours without assistance.

### COUNT I
(Negligence against Apple Inc.)

7. The plaintiff hereby incorporates by reference paragraphs 1 through 6 of this Complaint as if each were repeated in whole.

8. The plaintiff wore her Apple Watch for the safety "Fall Detection" feature.

9. The Apple Watch, according to the defendants literature, is supposed to detect hard falls and when the wearer has been immobile for a minute, and sound an alarm and attempt to call emergency services.

10. On October 12, 2022, after falling down the stairs, plaintiff was immobile at the bottom of the stairs and unconscious, she was wearing her intact Apple Watch, which tracked her rising heart rate for 13 hours and failed to call emergency services.

11. As the party who manufactured and/or sold the Apple Watch, the defendant should have known of the defective condition of plaintiff's watch, as the defendant had ample, if not actual, notice of the defective condition of its product.

12. As a direct result of the negligence of the defendant, the brain bleed that plaintiff suffered from the fall went untreated for 13 hours and significantly and adversely affected her medical trajectory and health; she suffered a severe traumatic brain injury, required inpatient hospitalization (intensive care for approximately one month), required long term, inpatient acute care, skilled nursing, subsequent inpatient hospitalizations due to complications and continues to require assistance in her living environment.

WHEREFORE, the plaintiff demands judgment against the defendant Apple Inc for the injuries she has sustained, for the monies expended for medicine and medical attention, and for her pain and suffering, together with interest, costs and attorneys' fees.

## COUNT II
(Breach of Warranty against Apple Inc.)

13. The plaintiff hereby incorporates by reference paragraphs 1 through 12 of this Complaint as if each were repeated in whole.

14. On or before October 12, 2022 plaintiff purchased defendant's Apple Watch product, which failed to function as expected which breached the warranties of Merchantability, Marketability and Fitness for a Particular Purpose.

15. The conduct of Defendant Apple Inc, was the proximate cause of the plaintiff's personal injuries as follows:

   A. The defendant marketed, manufactured, and sold an unsafe product;
   B. The defendant failed to test or inspect the subject product;
   C. The defendant failed to give adequate warnings or instructions

        relative to using the product; and

D.     The defendant placed in the channels of trade a product which was defective in nature and design or in a dangerous and defective condition and placed that product in the channels of trade.

16. Defendant Apple Inc, in permitting and/or allowing the aforesaid defective, dangerous and hazardous product to be sold breached its express and implied warranties related to merchantability, marketability and fitness for a particular use or purpose.

17. The plaintiff relied on the warranties made by the defendant and suffered the brain bleed that plaintiff suffered from the fall went untreated for 13 hours and significantly and adversely affected her medical trajectory and health; she suffered a severe traumatic brain injury, required inpatient hospitalization (intensive care for approximately one month), required long term, inpatient acute care, skilled nursing, subsequent inpatient hospitalizations due to complications and continues to require assistance in her living environment as a result of the breaches of said warranties by the defendant.

WHEREFORE, the plaintiff demands judgment against the defendant Apple Inc for the injuries she has sustained, for the monies expended for medicine and medical attention, and for her pain and suffering, together with interest, costs and attorneys' fees.

## COUNT III
### (93A Violations by Apple Inc.)

18. The plaintiff hereby incorporates by reference paragraphs 1 through 17 as if each were repeated in whole.

19. Said negligence and breaches by the defendant, Apple Inc. of warranties of merchantability, marketability and fitness for a particular purpose are violations of Massachusetts General Laws, chapter 93A. Section 2(a) of said statute declares that unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

20. On or about February 17, 2025, the plaintiff sent a Thirty Day Written Demand for Relief Pursuant to Massachusetts General Laws Chapter 93A to the defendant, Apple Inc. setting forth facts that establish that liability is reasonably clear. A copy of said letter is attached hereto as Exhibit A and incorporated herein. This letter included multiple citations to evidence establishing that Apple Inc was negligent. Said letter further shows that Apple Inc. was negligent in failing to warn of the limits of its product, and

that Apple Inc breached the warranties of merchantability and fitness for a particular purpose.

21. In her Thirty Day Demand for Relief, the plaintiff also set forth the catastrophic nature of the injuries she sustained as a result of the negligence, breaches of warranty and violations of 93A by the defendant Apple Inc, together with facts establishing that her medical bills exceeded $1,500.000.00, and made a demand for relief in the amount of five hundred thousand ($500,000.00) dollars.

22. On or about March 6, 2025, Apple Inc. responded to the plaintiff's Demand and failed to offer reasonable relief where liability is more than reasonably clear. This conduct constitutes a clear violation of Mass. General Laws, Chapter 93A.

WHEREFORE, the plaintiff demands judgment against the defendant Apple Inc. together with interest, costs and reasonable attorneys' fees and such further relief as may be appropriate and just.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL MATTERS SO TRIABLE.

Plaintiff Terry Lucash
By her Attorneys,

Robert I. Feinberg, BBO# 161445
rfeinberg@feinbergalban.com
Alexis A. Cahill, BBO #687860
acahill@feinbergalban.com
FEINBERG & ALBAN, P.C.
1051 Beacon Street
Brookline, MA 02446
(617) 232-5950