**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| TERRY LUCASH,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | ) | No. 1:25-cv-13597-JEK |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

**KOBICK, J.**

In October 2022, plaintiff Terry Lucash, then a 75-year-old woman, fell down a flight of stairs in her home, resulting in a serious brain bleed. She was wearing a watch, designed and manufactured by defendant Apple Inc., that did not detect her fall and call emergency services or emergency contacts on her behalf. Consequently, she alleges, her medical treatment was delayed and she experienced more severe injuries than she would have if her Apple Watch had performed as she had expected. In this product liability lawsuit, Lucash claims that Apple was negligent and violated implied warranties because her Apple Watch had a manufacturing defect or a design defect, and because Apple failed to adequately warn her that the watch might not detect all hard falls. She also claims that Apple's conduct violated Massachusetts' Consumer Protection Act, M.G.L. c. 93A.

Pending before the Court is Apple's motion to dismiss the amended complaint for failure to state a claim. Although Lucash suffered considerably as a result of her fall and delayed medical treatment, the motion must be granted, because on the facts as alleged, Massachusetts law does not afford her a remedy against Apple. Lucash's failure-to-warn claims fail as a matter of law

because Apple's User Guide expressly warned consumers like herself that the Apple Watch cannot detect all falls. Her design defect and manufacturing defect claims similarly fail because she has not plausibly alleged that the Apple Watch was designed to detect all hard falls, nor has she plausibly alleged that Apple could feasibly adopt an alternative design that would detect all such falls. Her related Chapter 93A claim fails as well because it is tied to her negligence and implied warranty claims, and because Lucash does not plausibly allege, as an independent basis for the claim, that Apple misleadingly advertised the watch.

## BACKGROUND

The following facts are recounted based on the allegations in the amended complaint and documents sufficiently referenced in, or attached to, that pleading. This includes excerpts from the Apple Watch User Guide for OS 8, which was in effect at the time Lucash purchased her Apple Watch. *See* ECF 25-1 (User Guide); ECF 21, ¶¶ 28, 38-40 (referencing the User Guide).

Lucash purchased an Apple Watch in 2022 primarily because of its "Fall Detection" safety feature. ECF 21, ¶¶ 5-6, 13-16. That feature included an accelerometer to detect sudden changes in acceleration consistent with hard falls; a gyroscope to measure wrist orientation and determine the type of movement; and an SOS system to contact emergency services for such hard falls. *Id.* ¶¶ 7, 17-20. In Lucash's telling, these safety features "worked together . . . to identify 'hard falls' and initiate an emergency response in the event of a 'hard fall.'" *Id.* ¶ 17. Lucash set up her Apple Watch in accordance with the instructions for fall detection and emergency contact notification, making her son and daughter her emergency contacts. *Id.* ¶ 23. Those instructions are set forth in relevant portions of the Apple Watch User Guide for OS 8. *See* ECF 25-1, at 2-5.

The User Guide stated: "With fall detection enabled, if Apple Watch . . . detects a hard fall, it can help connect you to emergency services and send a message to your emergency contacts. If

Apple Watch detects a hard fall and that you have been immobile for about a minute, it will tap your wrist, sound an alarm, and then attempt to call emergency services." ECF 21, ¶ 28; ECF 25-1, at 4. Right below that introductory paragraph and following the three-step instructions for setting up the Fall Detection feature, the User Guide added a "Note." ECF 25-1, at 4-5 (emphasis omitted). It stated: "*Note*: Apple Watch cannot detect all falls. The more physically active you are, the more likely you are to trigger fall detection due to high-impact activity that can appear to be a fall." *Id.* at 5; ECF 21, ¶ 38.

On October 12, 2022, at the age of 75, Lucash fell down a flight of stairs in her home and suffered a brain bleed. ECF 21, ¶¶ 9, 12. Her Apple Watch, which she was wearing at the time, did not detect her fall or call emergency services or her emergency contacts. *Id.* ¶¶ 26, 29. Lucash remained on the ground for thirteen hours without assistance as her condition worsened. *Id.* ¶¶ 9-10. She alleges that her Apple Watch was defective because, among other reasons, it failed to "detect [her] hard fall," "attempt to contact emergency services," and "message her emergency contacts." *Id.* ¶ 31.

Lucash filed this action in Middlesex Superior Court in September 2025. ECF 1-1. Invoking diversity jurisdiction, Apple removed the case to this Court two months later. ECF 1. With the Court's leave, Lucash filed an amended complaint in February 2026. ECF 20, 21. That complaint asserts claims for negligence (Count I), negligent failure to warn (Count II), breach of the implied warranty of merchantability (Count III), breach of the implied warranty for failure to warn (Count IV), and violations of M.G.L. c. 93A (Count V). ECF 21, ¶¶ 11-62. Apple moved to dismiss the amended complaint for failure to state a claim. ECF 23. After Lucash opposed that motion and Apple filed a reply, the Court held a hearing and took the motion under advisement. ECF 26, 28, 32.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quotation marks omitted). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court "may properly consider only facts and documents that are part of or incorporated into the complaint." *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (quotation marks omitted).

## DISCUSSION

### I. Failure-to-Warn Claims.

Lucash asserts in Counts II and IV that Apple was negligent and breached the implied warranty by failing to adequately warn her that the Apple Watch would not detect a hard fall like the one she experienced or contact emergency services on her behalf. These two claims "converg[e]" and are "judged by the same standard," which looks to the "reasonableness of the defendant's actions in the circumstances." *Hoffman v. Houghton Chem. Corp.*, 434 Mass. 624, 637 (2001). Thus, a product may be defective "'if foreseeable users are not adequately warned of dangers associated with its use.'" *Evans v. Lorillard Tobacco Co.*, 465 Mass. 411, 439 (2013) (quoting *Hayes v. Ariens Co.*, 391 Mass. 407, 413 (1984)). In general, a "manufacturer of a product has a duty to warn foreseeable users of dangers in the use of that product of which he knows or

should have known." *Mitchell v. Sky Climber, Inc.*, 396 Mass. 629, 631 (1986). That warning must be "'comprehensible to the average user and . . . conve[y] a fair indication of the nature and extent of the danger to the mind of a reasonably prudent person.'" *Rafferty v. Merck & Co.*, 479 Mass. 141, 151 (2018) (quoting *MacDonald v. Ortho Pharm. Corp.*, 394 Mass. 131, 140 (1985)). Whether a warning meets that standard "is almost always an issue to be resolved by a jury," but the issue may be decided as "a matter of law" if a jury would invariably conclude that the manufacturer does satisfy the standard. *MacDonald*, 394 Mass. at 140.

The parties dispute whether Apple had a duty to warn users like Lucash that its Apple Watch cannot detect all hard falls, and, if so, whether Apple provided a comprehensible warning of that fact to Apple Watch users. The Court will assume, without deciding, that Massachusetts law does impose such a duty to warn on Apple. Nevertheless, Lucash's failure-to-warn claim must be dismissed because the User Guide includes a direct, and entirely comprehensible, warning that the Apple Watch cannot detect all falls. The User Guide expressly stated: "*Note*: Apple Watch cannot detect all falls." ECF 25-1, at 5. No reasonable consumer would read this warning and expect an Apple Watch to detect all falls, including hard ones. In addition, the other language upon which Lucash relies in the User Guide used only conditional language to describe the possibility that the Apple Watch's Fall Detection feature may detect a hard fall. Specifically, the User Guide twice describes what happens "*[i]f* Apple Watch detects a hard fall." ECF 25-1, at 4 (emphasis added); *see Cheschi v. Bos. Edison Co.*, 39 Mass. App. Ct. 133, 142 (1995) ("if" is a word "'often used to create a condition precedent'" (quoting *Massachusetts Mun. Wholesale Elec. Co. v. Town of Danvers*, 411 Mass. 39, 46 (1991)). In such an event, the User Guide explains, the watch will "*attempt* to call emergency services." ECF 25-1, at 4 (emphasis added). Any reasonable Apple Watch user, reading this language, would understand that the watch may not detect all hard falls

or successfully contact emergency services after a fall. And Apple need not have defined what constitutes a "hard" fall, because an average user would understand that the Apple Watch would not detect all falls, hard or otherwise. *See Niedner v. Ortho-McNeil Pharm., Inc.*, 90 Mass. App. Ct. 306, 312 (2016) (finding that the drug insert "did not omit language that would have been more understandable to an average user" because its "warnings were plain, numerous, and comprehensive").

Lucash does allege that the User Guide was "not physically provided to" her, but her amended complaint acknowledges that the User Guide was "available online/virtually," cites the warnings in the User Guide, and states repeatedly that Lucash "rel[ied] on [Apple's] warranties." ECF 21, ¶¶ 37-38, 48, 54, 56. It also alleges that Lucash "researched" the Apple Watch's safety features and set up her watch "in accordance with the instructions for the fall detection and emergency contact notification applications." *Id.* ¶¶ 14, 23. Those instructions, which are found in the User Guide, end with the warning that the "Apple Watch cannot detect all falls." ECF 25-1, at 2-5. Where, as here, a warning is given, a seller like Apple "may reasonably assume that it will be read and heeded." *Knowlton v. Deseret Med., Inc.*, 930 F.2d 116, 123 (1st Cir. 1991) (quotation marks omitted); *see Cottam v. CVS Pharmacy*, 436 Mass. 316, 327 (2002) (permitting inference that "a warning, if properly given, would have been followed"). In light of the clarity of Apple's warning, the Court concludes, as a matter of law, that its User Guide adequately warned Lucash, "in terms understandable to a lay person," that the watch would not detect all hard falls. *Niedner*, 90 Mass. App. Ct. at 312; *see Bell v. Wysong & Miles Co.*, 26 Mass. App. Ct. 1011, 1013 (1988) (reversing verdict for plaintiff on failure-to-warn claim where he "knew of the dangers of the machine and had warnings which were adequate as matter of law").

Lucash responds that the User Guide's warning was inadequate for several reasons. None is persuasive. The warning was not, as Lucash contends, "buried" in the User Guide. ECF 21, ¶¶ 40, 52. It instead appeared in the two-page section titled "Manage fall detection on Apple Watch," which contained the instructions for setting up that feature on her watch. ECF 25-1, at 4-5. Lucash also argues that the warning "failed to call [her] . . . attention to" it. ECF 21, ¶ 40. But the warning was set off with an italicized "*Note*" at the end of that very section. ECF 25-1, at 5. Nor is the warning plausibly rendered misleading or confusing by the surrounding text. Lucash points, in particular, to the sentence immediately following the warning, which stated: "The more physically active you are, the more likely you are to trigger fall detection due to high-impact activity that can appear to be a fall." ECF 25-1, at 5. While this sentence implies that the Apple Watch may generate false positive fall detections, nothing in the sentence can be read to suggest that the watch will detect all hard falls. Finally, Lucash points to her allegation that Apple advertised the Apple Watch with commercials showing watch "wearers receiv[ing] emergency/life saving care in a timely manner because they were wearing an Apple Watch." ECF 21, ¶ 33. But she does not allege that these commercials highlighted, or made any representations at all, about the Fall Detection feature. *Id.* Accordingly, there is no basis for an inference in Lucash's favor that Apple suggested that this feature "will summon emergency services" whenever a fall occurs. ECF 27, at 12. Because Apple's warning was adequate as a matter of law, Lucash's claims for negligent failure to warn and for breach of the implied warranty based on defective warnings must be dismissed.

## II. Design Defect Claims.

Lucash asserts in Counts I and III that Apple was negligent and breached the implied warranty of merchantability by designing a defective Apple Watch. A design defect exists "when

the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design . . . and the omission of the alternative design renders the product not reasonably safe." *Evans*, 465 Mass. at 424 (quotation marks omitted). While the breach of warranty claim "'focuses on product characteristics'" and the negligence claim centers "'on the defendant's conduct,'" "'the nature of the decision [in both actions] is essentially the same.'" *Cigna Ins. Co. v. Oy Saunatec, Ltd.*, 241 F.3d 1, 15 (1st Cir. 2001) (quoting *Back v. Wickes Corp.*, 375 Mass. 633, 642 (1978)). The defendant is liable for breach of the warranty "when a product that is defective and unreasonably dangerous for the ordinary purposes for which it is fit causes injury." *Evans*, 465 Mass. at 422 (citation modified). Liability for negligence similarly attaches when "'the defendant has failed to use reasonable care to eliminate foreseeable dangers which subject a user to an unreasonable risk of injury.'" *Alicea v. Cincinnati Inc.*, 166 F.4th 245, 254 (1st Cir. 2026) (quoting *Haglund v. Philip Morris, Inc.*, 446 Mass. 741, 748 n.9 (2006)). Under both claims, the plaintiff must allege "'an available design modification [that] would reduce the risk without undue cost or interference with the performance of the [product].'" *Id.* at 255 (quoting *Evans*, 465 Mass. at 444).

Lucash fails to plausibly state a claim for design defect on a theory of negligence or breach of the implied warranty of merchantability. She alleges that her Apple Watch was defectively designed because it did not detect her hard fall, message her emergency contacts, or call emergency services. ECF 21, ¶¶ 31, 44. But, as discussed, the User Guide makes plain that the Apple Watch was not designed to, nor can it, "detect all falls," hard or otherwise. ECF 25-1, at 5. The User Guide also explains that the Fall Detection feature was designed to "attempt to call emergency services" only "[i]f Apple Watch detects a hard fall." *Id.* at 4. This conditional language describes what the watch may sometimes do, not what it will always do.

Nevertheless, even if the Court were to assume that Apple had a duty to design a watch that could detect all hard falls, Lucash's defective design claims must still be dismissed because she fails to adequately allege that a safer alternative design exists. Lucash asserts that Apple could have improved the efficacy, functionality, and software of the accelerometer, gyroscope, and SOS emergency system; added alerts when those features were not working; or permitted users to test those features. ECF 21, ¶ 47. Such conclusory allegations that the Apple Watch could be improved are insufficient, even at the pleading stage, to give rise to the plausible inference that a feasible alternative design exists. She does not, for example, make allegations regarding whether a reasonable alternative design is in use in the industry or could practically have been adopted, nor does she allege that such a hypothetical design could "have reduced the foreseeable risks of harm posed by the product at reasonable cost." *Evans*, 465 Mass. at 424-25 (discussing factors to consider regarding alternative designs). Absent specific supporting facts about the "essential element of" a safer alternative design, Lucash's design defect claims must be dismissed. *Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21, 26 (1st Cir. 2004); *see Corrigan v. Covidien LP*, 748 F. Supp. 3d 1, 18-19 (D. Mass. 2024) (denying motion for leave to add design defect claims as futile where the proposed complaint alleged "in conclusory fashion," but "failed to point to any substantial evidence[,] that a feasible alternative design exist[ed]"); *Coonan v. Ethicon, Inc.*, No. 21-cv-10310-TSH, 2021 WL 5111867, at *3 (D. Mass. Nov. 3, 2021) (dismissing design defect claim where plaintiff failed to plead "sufficient facts to suggest the existence of a feasible alternative design" and instead "alleged in conclusory fashion only that an alternative design exist[ed] and [wa]s used by the defendants in other devices").

## III. Manufacturing Defect Claims.

Lucash also asserts in Counts I and III that Apple was negligent and breached the implied warranty of merchantability by manufacturing a defective Apple Watch. A manufacturing defect occurs when "a particular product, rather than a line of products, is alleged to be defective because of negligence in the manufacturing process." *Smith v. Ariens Co.*, 375 Mass. 620, 626 (1978). To state a claim for a manufacturing defect, Lucash must allege some "deviation from the design" that rendered her Apple Watch, in particular, "unreasonably dangerous and therefore unfit for its ordinary purposes." *Back*, 375 Mass. at 641. Even though her two claims are predicated on negligent manufacturing, Lucash "may obtain relief through [her] claim of breach of the implied warranty of merchantability without specifically alleging or proving negligence." *Ferreira v. Chrysler Grp. LLC*, 468 Mass. 336, 345-46 (2014).

Lucash's manufacturing defect claims are premised on the allegation that her Apple Watch did not "function as expected, as it failed to detect [her] hard fall (down a flight of stairs) and failed to contact emergency services or message [her] emergency contacts." ECF 21, ¶ 44. As explained, however, she has not plausibly alleged that the Apple Watch was designed to detect all falls or even all hard falls. The User Guide made clear that its emergency contact features would activate and "attempt to call emergency services" only "*[i]f* the Apple Watch detects a hard fall." ECF 25-1, at 4 (emphasis added). Lucash's manufacturing defect claims must therefore be dismissed as well. *See Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 632-33 (2008) (dismissing breach of implied warranty claim where the plaintiff failed to allege how the vehicles at issue were "defective" and instead relied on that "conclusory" term); *Corrigan v. Covidien LP*, No. 22-cv-10220-DJC, 2022 WL 17094687, at *3 (D. Mass. Nov. 21, 2022) (dismissing defective manufacturing claim where the plaintiff did not allege a specific deviation in the manufacturing of the disputed product).

## IV. <u>Chapter 93A Claim.</u>

Lucash asserts in Count V that Apple engaged in unfair and deceptive conduct in violation of Chapter 93A. Section 2 of Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2(a). An act or practice is unfair if it falls "within at least the penumbra of some common-law, statutory, or other established concept of unfairness," "is immoral, unethical, oppressive, or unscrupulous," and "causes substantial injury to consumers or other businesses." *Columbia Plaza Assocs. v. Ne. Univ.*, 493 Mass. 570, 587 (2024) (quotation marks omitted). In the consumer context, "[a]n act or practice is deceptive if it 'has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted.'" *Tomasella v. Nestlé USA, Inc.*, 962 F.3d 60, 71 (1st Cir. 2020) (quoting *Aspinall v. Philip Morris Cos., Inc.*, 442 Mass. 381, 396 (2004)). Section 9, in turn, authorizes consumers to bring an action for unfair or deceptive acts or practices. M.G.L. c. 93A, § 9.[1] To state a claim under Section 9, Lucash must plausibly allege "(1) that [Apple] has committed a violation of G.L. c. 93A, § 2; (2) injury; and (3) a causal connection between the injury suffered and [Apple's] unfair or deceptive method, act, or practice." *Herman v. Admit One Ticket Agency LLC*, 454 Mass. 611, 615-16 (2009).

Lucash cannot sustain her Chapter 93A claim. To the extent the claim is based on Apple's alleged negligence and breach of the implied warranties, ECF 21, ¶ 58, it must be dismissed, as those claims are likewise dismissed. *See Iannacchino*, 451 Mass. at 634-35 (dismissing "interconnected" Chapter 93A and breach of implied warranty claims). Lucash also attempts to assert an independent violation of Chapter 93A by alleging that Apple misleadingly advertised its

[1] Section 9 also requires consumer plaintiffs to issue written demands to defendants at least thirty days before filing a claim. M.G.L. c. 93A, § 9(3). Apple does not dispute that Lucash properly served it with a written demand. *See* ECF 21, ¶¶ 59-61 & Ex. A.

Apple Watch. *See Exxon Mobil Corp. v. Att'y Gen.*, 479 Mass. 312, 320 (2018) ("A person may violate G. L. c. 93A through false or misleading advertising."). She points to Apple's January 2022 commercial that depicts people "receiv[ing] emergency/life saving care in a timely manner because they were wearing an Apple Watch." ECF 21, ¶ 33. Lucash's Chapter 93A demand letter, which is attached to the amended complaint, adds that the commercial featured a man who fell over twenty feet and was reportedly rescued within minutes. *Id.*, Ex. A, at 16-17 n.1. Lucash, having seen this advertisement, contends that it misinforms consumers that the Apple Watch "is a safety device that will rescue people from harm." *Id.* at 17 n.1.

Lucash's misleading advertising theory is fundamentally flawed. For one thing, she alleges that she "rel[ied] on the warranties made by" Apple in deciding to purchase the Apple Watch. ECF 21, ¶¶ 48, 54, 56. Those warranties included, as discussed, an explicit and objectively reasonable warning that the "Apple Watch cannot detect all falls." *Id.* ¶ 38. For another, she does not allege that the commercial makes representations about the watch's safety features. As Lucash confirmed in her opposition brief, she "does not rely on the commercia[l] to prove a specific technical promise about the fall detection mechanism." ECF 27, at 5. The commercial does not, therefore, plausibly support a theory that Apple deceptively advertised that its watch would detect all falls, including hard ones like the one she experienced. Her Chapter 93A claim must, accordingly, be dismissed.

**CONCLUSION AND ORDER**

For the foregoing reasons, Apple's motion to dismiss, ECF 23, is GRANTED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2026